IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

GARY K. ESTEP,

            Plaintiff,

v.                                        CIVIL ACTION NO. 3:15-11888

ANDERSEN WINDOWS, INC.,
and DAVID SEPIC,

            Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiff's Motion for Leave to File Third Amended Complaint (ECF No. 10) and Defendant Andersen Window's Motion to Dismiss Plaintiff's Second Amended Complaint (ECF No. 3). For the reasons set forth below, the Court **GRANTS** Plaintiff's Motion for Leave to File Third Amended Complaint (ECF No. 10) and, therefore, **DENIES as moot** Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint (ECF No. 3). The Court **DIRECTS** Plaintiff to file its Third Amended Complaint within 14 days of the entry of this Memorandum Opinion and Order.

**I.  Background**

To understand the current posture of this case, a brief background of its procedural history must be examined, beginning with Plaintiff's Second Amended Complaint. ECF No. 1, Ex. 1. In Plaintiff's Second Amended Complaint, Plaintiff alleged two causes of action under the West Virginia Human Right Act ("WVHRA") on the basis of age and disability and a claim for intentional infliction of emotional distress. *Id.* Defendant Andersen Windows subsequently filed a Motion to Dismiss Plaintiff's Second Amended Complaint. ECF No. 3. Rather than replying to

Defendant's Motion to Dismiss, Plaintiff filed a Third Amended Complaint. The Court struck Plaintiff's Third Amended Complaint from the record, pursuant to Federal Rule of Civil Procedure 15 because Plaintiff failed to request leave of the Court. ECF No. 7. Plaintiff now requests leave of the Court to file his Third Amended Complaint. ECF No. 10. Defendant Andersen Windows has filed a Response arguing that the Court should deny Plaintiff's motion because the amendments to Plaintiff's Third Amended Complaint would be futile. ECF No. 11.

Plaintiff attached his proposed Third Amended Complaint to his Motion for Leave. ECF No. 10, Ex. 1. The facts in the Third Amended Complaint mirror the facts in the Second Amended Complaint. Plaintiff alleges that during his employment with Andersen Windows, he was required to have two surgeries to repair a hernia and he also suffered from a heart condition. Because Plaintiff reported his heart condition to his supervisor and also went on leave for his hernia surgery while working for Andersen Windows, Plaintiff alleges that Defendant perceived and/or regarded him as disabled and that he was subsequently terminated because of this perceived disability and his age.

Although the facts alleged remain the same, the Third Amended Complaint differs from the Second Amended Complaint in that Plaintiff has eliminated his three original causes of action (in response to Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint) and replaced them with two different causes of action: (1) violation of public policy (based on disability discrimination) and (2) violation of public policy (based on age discrimination). ECF No. 10, Ex. 1.

## II.     Legal Standard

Federal Rule of Civil Procedure 15(a)(2) provides that, after the time for amendment as a matter of course has passed, leave of court must be obtained to amend a pleading. The rule specifies

that a court should "freely give leave [to amend a pleading] when justice so requires." Fed. R. Civ. P. 15(a)(2). "The law is well settled that leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999) (emphasis omitted) (internal quotation marks omitted). An amendment is futile if it would fail to survive a motion to dismiss. *See Perkins v. United States*, 55 F.3d 910, 916–17 (4th Cir. 1995).

When considering a motion to dismiss, 1) a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth," and then 2) "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

For the first step, the complaint must provide the plaintiff's "grounds of . . . . entitlement to relief" in more factual detail than mere "labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). "[A] formulaic recitation of the elements of a cause of action will not do." *Id.* "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679.

For the second step, a court must take the factual allegations in the complaint as true, and the complaint must be viewed in the light most favorable to the plaintiff. *See Twombly*, 550 U.S. at 555–56. The complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 555, 570 (internal quotation marks omitted). Plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard

. . . . asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted).

### III. Discussion

Defendant argues that Plaintiff's Motion for Leave to File Third Amended Complaint should be denied because the proposed amendments would be futile. Specifically, Defendant claims that the Plaintiff cannot use the West Virginia Human Rights Act ("WVHRA"), W. Va. Code § 5-11-2, to support its public policy claims. Although Defendant is correct that Plaintiff cannot pursue relief under the WVHRA, due to the fact that Defendant did not employ enough individuals in West Virginia to be deemed an "employer" under the Act[1], Plaintiff's proposed Third Amended Complaint does contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555, 570 (internal quotation marks omitted).

To state a public policy wrongful discharge claim, otherwise known as a *Harless* claim, a plaintiff must prove the following:

1. [Whether a] clear public policy existed and was manifested in a state or federal constitution, statute or administrative regulation, or in the common law (the *clarity* element).

2. [Whether] dismissing employees under circumstances like those involved in plaintiff's dismissal would jeopardize the public policy (the *jeopardy* element).

3. [Whether t]he plaintiff's dismissal was motivated by conduct related to the public policy (the *causation* element).

---

[1] Under the WVHRA, the term "employer" means "any person employing twelve or more persons within the state for twenty or more calendar weeks in the calendar year in which the act of discrimination allegedly took place or the preceding calendar year." W. Va. Code § 5-11-3(d). At the time of Plaintiff's termination, Andersen Windows did not employ the requisite number of employees to attain statutory liability under the WVHRA. *Pl.'s Reply to Def.'s Resp. to Pl.'s Mot. for Leave to File Third Am. Compl.*, ECF No. 14.

4. [Whether t]he employer lacked overriding legitimate business justification for the dismissal (the *overriding justification* element).

*Swears v. R.M. Roach & Sons, Inc.*, 696 S.E.2d 1, 6 (W. Va. 2010) (quoting *Feliciano v. 7-Eleven, Inc.*, 559 S.E.2d 713, 723 (W. Va. 2001) (citation omitted)).

Defendant argues that Plaintiff's public policy claim fails because courts in West Virginia have not recognized public policy claims for discrimination based on age and/or disability. *Def.'s Resp. to Pl.'s Mot. for Leave to File Third Am. Compl.*, at 6, ECF No. 11. However, Plaintiff, in his Reply Memorandum (ECF No. 14), relied on Supreme Court of West Virginia case, *Williamson v. Greene*, 490 S.E.2d 23 (W. Va. 1997), in which the Court considered a nearly identical question involving sex discrimination. The pertinent part of the case states as follows:

> [T]he West Virginia Human Rights Act clearly constitutes this state's "substantial public policy" against sex discrimination and sexual harassment in employment, including retaliatory discharge based thereon. Although the Act does not provide this plaintiff with a statutory remedy, it nevertheless sets forth a clear statement of public policy sufficient to support a common law claim for retaliatory discharge against an employer . . . . exempted by W. Va. Code § 5-11-3(d) (1994). We hold that even though a discharged at-will employee has no statutory claim for retaliatory discharge under W. Va. Code § 5-11-9(7)(C)(1992) of the West Virginia Human Rights Act because his or her former employer was not employing twelve or more persons within the state at the time the acts giving rise to the alleged unlawful discriminatory practice were committed, as required by W. Va. Code § 5-11-3(d)(1994), the discharged employee may nevertheless maintain a common law claim for retaliatory discharge against the employer based on alleged sex discrimination or sexual harassment because sex discrimination and sexual harassment in employment contravene the public policy of this State articulated in the West Virginia Human Rights Act, W. Va. Code § 5-11-1, *et seq*.

*Williamson*, 460 S.E.2d at 33. As such, the Supreme Court of West Virginia recognized that the WVHRA set forth a clear public policy regarding discrimination based on sex. Stated clearly, "we answer certified question four in the affirmative, as plaintiff may maintain a common law claim for retaliatory discharge based on sex discrimination . . . . because sex discrimination . . . . violate[s] this State's public policy." *Id.*

The WVHRA, the same statute that prohibits discrimination based on sex, also prohibits discrimination based on age and disability. It states:

> It is the public policy of the state of West Virginia to provide all of its citizens equal opportunity for employment . . . .Equal opportunity in the areas of employment and public accommodations is hereby declared to be a human right or civil right of all persons without regard to race, religion, color, national origin, ancestry, <u>sex</u>, <u>age</u>, blindness, or <u>disability</u>.
>
> The denial of these rights to properly qualified persons by reason of race, religion, color, national origin, ancestry, <u>sex</u>, <u>age</u>, blindness, <u>disability</u>, or familial status is contrary to the principles of freedom and equality of opportunity and is destructive to a free and democratic society.

W. Va. Code § 5-11-2 (emphasis added). As such, the analysis and outcome of whether Plaintiff can maintain a public policy claim for wrongful discharge due to age and disability discrimination should be the same as was held in *Williamson*.[2]

Therefore, Plaintiff has properly plead a public policy wrongful discharge claim, grounded in a recognized public policy against age and disability discrimination (as identified in the WVHRA) and Plaintiff's contention that his dismissal was motivated by Defendant's discrimination against Plaintiff based on his age and disability. As such, based on the facts alleged in the proposed Third Amended Complaint, Plaintiff has sufficiently alleged enough facts to

---

[2] Defendant attempts to draw a distinction between a retaliatory discharge claim and a wrongful discharge claim. *Def.'s Resp. to Pl.'s Mot. for Leave to File Third Am. Compl.*, at 7, ECF No. 11. However, West Virginia courts have often used this term interchangeably. *Harless v. First Nat. Bank in Fairmont*, 289 S.E.2d 692, 695 (W. Va. 1982) ("This is a sequel to our original opinion in *Harless v. First National Bank in Fairmont*, 246 S.E.2d 270 (W. Va. 1978), where we answered a certified question that an at will employee who is discharged could bring, in certain circumstances, an action against his employer. This cause of action has often been characterized as a claim for retaliatory or wrongful discharge.").

Defendant also argues that "to date all Harless claims have involved some form of retaliation, not discrimination, in violation of public policy." *Def.'s Resp. to Pl.'s Mot. for Leave to File Third Am. Compl.*, at 7, ECF No. 11. Even accepting this as true for the sake of argument, this fact does not render Plaintiff's amendments futile at this stage of litigation. Plaintiff has still successfully pled the elements of a public policy claim, as outlined in *Harless*, even if prior cases in its progeny have not specifically dealt with wrongful discharge based on age and/or disability.

Case 3:15-cv-11888 Document 15 Filed 12/10/15 Page 7 of 7 PageID #: 197

survive a motion to dismiss. Therefore, Plaintiff's amendments to its Second Amended Complaint are not futile and Plaintiff's Motion for Leave to File Third Amended Complaint is **GRANTED**.

## IV. Conclusion

For the reasons explained above, Plaintiff's Motion for Leave to File Third Amended Complaint is **GRANTED** (ECF No. 10) and Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint is **DENIED as moot** (ECF No. 3). The Court **DIRECTS** Plaintiff to file its Third Amended Complaint within 14 days of the entry of this Memorandum Opinion and Order.

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

ENTER:  December 10, 2015

_____
ROBERT C. CHAMBERS, CHIEF JUDGE